IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: BOSTON SCIENTIFIC CORP., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL No. 2326 |
| TO BE FILED IN LEAD CASE | 2:13-cv-07965 |

THIS DOCUMENT RELATES TO THE FOLLOWING CASES:

*Eghnayem v. Boston Scientific Corp.*, No 2:13-cv-07965
*Dotres v. Boston Scientific Corp.*, 2:13-cv-10077
*Nunez v. Boston Scientific Corp.*, 2:13-cv-24346
*Betancourt v. Boston Scientific Corp.*, 2:14-cv-11337

**BOSTON SCIENTIFIC CORPORATION'S MOTION FOR CONTINUANCE
OF ALL PRE-TRIAL AND TRIAL DEADLINES REGARDING
PLAINTIFF MARGARITA DOTRES**

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.1(f)(1), Boston Scientific Corporation ("Boston Scientific") hereby respectfully moves this Court to continue all pre-trial and trial deadlines in this consolidated action as they pertain to Plaintiff Margarita Dotres ("Ms. Dotres"). A continuance will provide Boston Scientific an opportunity to conduct essential discovery made necessary by a recent disclosure that Ms. Dotres is scheduled to undergo a second surgical procedure just days before the current November 3, 2014 trial setting, which will directly impact causation and damages evidence in this case.

Although Boston Scientific has worked dutifully to prepare the consolidated Pinnacle cases for trial on November 3, 2014, it is simply impossible for Boston Scientific to ready Ms. Dotres' case under these circumstances. Evidence related to the outcome of Ms. Dotres' second revision surgery and her medical condition during the *six-week* follow-up period will be critical to her affirmative claims (as to both causation and damages) as well as Boston Scientific's

1

defenses (as to both causation and damages). Indeed, the current trial setting is too close to the time of the surgery to allow for the exchange of evidence and discovery needed. And, presumably, the opinions of both parties' experts regarding Ms. Dotres' damages are subject to change pending the outcome of Ms. Dotres' forthcoming revision surgery.

Because Boston Scientific will suffer substantial unfair prejudice if it is forced to proceed to trial on November 3, 2014 under these circumstances, the Court should grant its motion and enter an order continuing all pre-trial and trial deadlines in this consolidated action as they pertain to Ms. Dotres' claims until after Boston Scientific has had an adequate opportunity to collect this essential discovery.

## ARGUMENT

### I. The Current Trial Setting Will Not Allow for Needed Discovery Regarding Ms. Dotres' Upcoming Revision Surgery and Subsequent Recovery Period.

Although Boston Scientific has worked diligently to prepare the consolidated Pinnacle cases for trial, Ms. Dotres' anticipated October 2014 revision surgery, and subsequent recovery period, render the current November 3, 2014 trial setting premature and unworkable. Indeed, Dr. Davila, the physician who will perform Ms. Dotres' upcoming revision surgery, testified that Ms. Dotres will not complete her surgical recovery period until at least 6 weeks after her surgery.[1] Thus, Ms. Dotres will potentially be recovering from surgery until early December 2014—nearly one full month after the current trial setting. All parties will need additional time to conduct essential discovery once Ms. Dotres' recovery period is complete, and it is impractical and unfeasible for the parties to engage in such discovery without a continuance of the November 3, 2014 trial date.

---

[1]   *See* Davila Dep., at 77:8-78:8 (Rough Transcript) (Exhibit A).

6558906 v2

Depending on when Ms. Dotres' upcoming revision procedure will take place,[2] Boston Scientific will have just days to depose Dr. Davila regarding Ms. Dotres' revision surgery before the current November 3, 2014 trial setting; even though Plaintiffs will likely attempt to present him as a key medical witness to support their allegations as to both causation and damages. But such testimony would be of limited use because Ms. Dotres' recovery will be ongoing, leaving the parties to only speculate about the surgical outcome and Ms. Dotres' prognosis. In these circumstances, a continuance of the trial is warranted so that Boston Scientific will be able to conduct meaningful discovery pertaining to the relevant medical records and facts known by Dr. Davila and Ms. Dotres, which will be of paramount importance to Boston Scientific's defense.

Boston Scientific also needs adequate time to evaluate Ms. Dotres' post-operative course of treatment, review any explanted mesh, re-examine and re-depose Ms. Dotres for purposes of obtaining information about the outcome of the second revision surgery, and conduct supplemental depositions or seek supplemental reports from Plaintiffs' experts. And, most importantly, Boston Scientific's experts need to review the supplemental medical records and examine Ms. Dotres so that they can offer the jury fully informed opinions based on this vital, foundational medical evidence. In short, Boston Scientific is not only entitled to know the extent of Ms. Dotres' damages and evidence concerning causation that may stem from the surgical findings, but it is also entitled to adequate time before trial to develop a defense to same. If the Court does not grant a continuance, Boston Scientific will suffer substantial prejudice as a result of being unfairly deprived of the ability to prepare its defense and conduct essential discovery on these matters.

---

[2] Dr. Davila testified that he did not recall when her revision surgery was scheduled to take place but that "October 26 comes to mind." Davila Dep., at 48:22-49:7 (Rough Transcript) (Exhibit A).

Indeed, courts across the country have recognized that granting a continuance under these circumstances is necessary in order to provide the Court with a "medically-informed record." *United States v. Casillas*, 298 F. App'x 675, 676 (9th Cir. 2008) (vacating denial of continuance so counsel could review medical records); *Campbell v. Cont'l Airlines, Inc.*, CIV. 08-978(RHK/JJK), 2009 WL 4723360 (D. Minn. Dec. 2, 2009) (court granted continuance of trial date based on plaintiff's ongoing medical treatment to allow parties to re-examine plaintiff's condition and exchange supplemental and rebuttal expert reports regarding plaintiff's alleged injuries). *See also Hobbs v. Wal-Mart Stores, Inc.*, CV-06-1031-PHX-PGR, 2007 WL 4510518 (D. Ariz. Dec. 18, 2007) (court granted continuance due to plaintiff's unstable medical condition); *Barnard v. Las Vegas Metro. Police Dep't*, 2:03-CV-01524-RCJLRL, 2010 WL 1815410 (D. Nev. Apr. 30, 2010) (court found good cause for continuance of trial due to plaintiff's ongoing medical problems and potential medical procedure that conflicted with current trial date).

## II.   Boston Scientific Seeks a Continuance as to Ms. Dotres' Claims Not to Delay, But So that Justice May Be Done.

Ms. Dotres' second removal surgery and Dr. Davila's medical records and testimony are highly material to Plaintiffs' factual allegations concerning Boston Scientific's mesh and Plaintiffs' alleged injuries. Boston Scientific has diligently pursued discovery in this case, but the present circumstances and recent disclosure require continuing Ms. Dotres' action to permit both parties the opportunity to access new, vital evidence. Because Ms. Dotres' post-operative recovery period will not conclude until after the November 3, 2014 trial setting, there is simply no way to obtain this crucial discovery in sufficient time to adequately prepare for trial. Boston Scientific therefore seeks this continuance not for delay, but so that justice may be done.

## CONCLUSION

In light of the above, Boston Scientific respectfully requests the Court to grant its Motion for Continuance, remove this case from its present trial setting of November 3, 2014, and reset the case for trial once Boston Scientific has had an adequate opportunity to collect the outstanding discovery it now seeks.

Dated: October 3, 2014.

Respectfully submitted,

By: /s/ Jon A. Strongman
Jon A. Strongman
Robert T. Adams
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816.474.6550
Facsimile: 816.421.5547
jstrongman@shb.com
rtadams@shb.com

**COUNSEL FOR DEFENDANT
BOSTON SCIENTIFIC CORP.**

6558906 v2

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2014, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF system, which will send notifications of such filing to the CM/ECF participants registered to receive service in this matter:

By: /s/ Jon A. Strongman
Attorney

6558906 v2